The Chancellor.
The supplement to the act respecting the Court of Chancery, Rev. Stat. 921, provides, that whenever an *302 execution shall have been issued on a judgment at law, and shall have been returned unsatisfied, in whole or in part, leaving an amount or balance remaining due exceeding $100, exclusive of costs, the party suing out such execution may file a bill in Chancery to compel the discovery of any property or thing in action belonging to the defendant in such judgment, and of any property, money, or thing in action, due to him or held in trust for him, except such property as is now reserved by law, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant, except when such trust has been created by, or the fund so held in trust has proceeded from, some person other than the debtor himself.
That the court shall have power to compel such discovery, and to prevent such transfer, payment, or delivery, and to decree satisfaction of the sum remaining due on such judgment, out of any personal property, money, or things in action belonging to the defendant, or held in trust for him, with the exception above stated, which shall be discovered by the proceedings in Chancery ; provided, that if the personal property, money, or thing in action, which shall be discovered as aforesaid, does not amount to $100, no costs shall be recovered by the plaintiff in such proceeding.
This act was passed after the enactment of the law abolishing imprisonment for debt; and is founded on the just idea that all the property of a debtor should be honestly applied to the payment of his debts, and on the further idea that, in view of the frauds of debtors in concealing and withholding property from creditors, by putting it in such shape that it cannot be reached by execution at law, the execution creditor should have the aid of a Court of Chancery to discover property and apply it to the satisfaction of his execution.
The statute is founded in morals, and. is of most salutary tendency : and the spirit and equity of it should be faithfully and rigidly carried out by the Court of Chancery. A proper exercise by this Court of the power given to it by this statute will tend to correct an alarming evil which, I am satisfied, was fast growing upon us, by removing the temptations to the practice of it. The dictates of morality, and even of religion, or, I should *303 rather say, tho profession of it, seemed insufficient to silence the many pleas under which an easy conscience rests satisfied in tho concealment of property from creditors. A legislative provision, in the shape of power to compel the discovery of hidden property, under the sanction of an oath, was necessary, to correct the evil.
The statute provides, that the court shall have power to compel the discovery; and, there being no limitation of the power, the plain inference is that the statute gives all the power which a Court of Chancery can exercise according to the course of the court. And the evil to be remedied is of such a nature, that this court will not hesitate to exercise its fullest power in applying the remedy.
These remarks are not made with special reference to the present case ; but are intended to express the views of the court as to the power given by the statute, and the manner in which it may and should be exerted.
The question now presented is, whether an answer of a defendant, to a bill filed by an execution creditor under our statute, that he has no property of any kind, enables a defendant succesfully to resist a motion for an order referring it to a Master to appoint a receiver and for the delivering over, by tho defendant, to such receiver, of his property and effects, on oath before the Master. I am clearly of opinion that it does not.
The order applied for will be granted.
Order accordingly.